# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CV 350

| | |
|---|---|
| **MARY MARTIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | |
| **NAKISHA GARRETT,** *in her individual* ) | |
| *capacity as employee of the North Carolina* ) | |
| *Department of Public Safety*; **BIANCA** ) | |
| **HARRIS,** *in her individual capacity as warden* ) | **ORDER** |
| *of North Carolina Correctional Institution for* ) | |
| *Women;* **MS. THOMPKINS**, *in her individual* ) | |
| *capacity as an employee of the North Carolina* ) | |
| *Department of Public Safety;* **WALLY** ) | |
| **WAZAN,** *in his individual capacity as* ) | |
| *employee of the North Carolina Department* ) | |
| *of Commerce*, ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

This matter is before the Court on a Motion to Withdraw (Doc. 41) filed by attorney Aaron Mayer, counsel for Plaintiff.

A hearing on this Motion was conducted on January 31, 2019. Appearing at the hearing were Mr. Mayer, attorney Faison Hicks (on behalf of Defendant Wazan), and attorney Corrine Lusic (on behalf of Defendants Garrett, Harris, and Thompkins). Plaintiff is incarcerated and did not appear. At the conclusion of the hearing, the Court took the matter under advisement. This Order now follows.

I. **Procedural Background**

This matter began with the filing of a complaint (Doc. 1) on December 22, 2017.

An Amended Complaint was filed by Plaintiff on August 13, 2018 (Doc. 31).

Defendants Garrett, Harris, and Thompkins answered on August 17, 2018 (Doc. 34).

Defendant Wazan filed a motion to dismiss in lieu of an answer on December 17, 2018, along with a supporting memorandum (Docs. 39, 40). No response has been filed and the Motion to Dismiss remains pending.

II. **Basis for the Motion to Withdraw**

The evidence of record and the statements of counsel at the hearing indicate that Mr. Mayer is admitted to practice law in the states of North Carolina, South Carolina, and Florida. According to the Motion and subsequent filings, his license to practice law in South Carolina has been suspended since August 2018, a situation he indicates resulted from his failure to appear at an interview for which he did not receive notice. The associated paperwork indicates that a receiver ("Receiver") has been appointed for his practice and is to assume responsibility for Mr. Mayer's client files. Mr. Mayer states, however, that the Receiver is employed by the Office of Disciplinary Counsel with the State of South Carolina and is empowered only to address issues with Mr. Mayer's South Carolina cases, not any cases he may have in North Carolina or elsewhere. He further advises that the Receiver has specifically asked only for Mr. Mayer's South Carolina files.

Upon inquiry by the Court, Mr. Mayer advised that his license to practice in Florida has also been suspended, in this instance for failure to pay his annual state bar dues on time.

Mr. Mayer informed the Court that while his license to practice in North Carolina is active and unencumbered, as a practical matter, he is unable to proceed with representation of Plaintiff or other similar matters due to the freezing of his bank accounts in South Carolina by virtue of his suspension in that state. During the hearing, Mr. Mayer also alluded to personal circumstances that suggest he is not in a position to represent Plaintiff zealously.

**III.     Discussion**

An attorney who is a member in good standing of the North Carolina State Bar is eligible for regular admission to practice before this Court, as noted in Local Civil Rule 83.1(a). This District's records show that Mr. Mayer was admitted to practice here on December 18, 2017.

When an attorney who has been admitted to practice in this District is disbarred or suspended from the practice of law in any court or by any state bar, disciplinary board, or other state licensing agency, a judge of this Court may enter an order immediately suspending that attorney from practice before this Court or taking such other lesser action the Court deems appropriate. See Local Civil Rule 83.2.

Pursuant to Local Civil Rule 83.1(f), counsel seeking to withdraw must electronically file written consent of his or her client. Absent the client's consent,

withdrawal may be obtained only upon a showing of good cause through a motion that includes the client's last known address.

Here, the Motion to Withdraw (Doc. 41) did not state whether Plaintiff consents to Mr. Mayer's withdrawal. The certificate of service for the Motion shows that the document was mailed to Plaintiff on January 11, 2019. <u>Id.</u> at 3. In addition, the record indicates that Mr. Mayer sent notice of the hearing to Plaintiff on January 15, 2019 and that he similarly sent a copy of this Court's order of January 17, 2019 (Doc. 44) to Plaintiff and the Receiver on January 18, 2019, as directed. (Doc. 45).

During the hearing, Mr. Mayor stated he had communicated with Plaintiff, who is currently incarcerated in the North Carolina prison system, but had not received a specific position from her regarding his withdrawal. Subsequent to the hearing, the Court received correspondence from Plaintiff in which Plaintiff expressed her consent. A copy of that correspondence has been filed at the direction of the undersigned and appears on the docket as Document 46.

Counsel for Defendants acknowledged the difficulty of the situation but urged the Court, if it were inclined to grant Mr. Mayer's Motion, not to allow Plaintiff an unlimited amount of time to locate new counsel or otherwise to let the case languish, particularly given the pendency of the Motion to Dismiss (Docs. 39, 40) by Defendant Wazan.

Having reviewed the record in this matter and received the arguments of counsel, and having carefully considered the interests of Plaintiff, Defendants, Mr. Mayer, and the

overall interests of justice, the undersigned finds that the Motion (Doc. 41) should be allowed.[1]

**IT IS THEREFORE ORDERED THAT**:

1. The Motion to Withdraw as Counsel (Doc. 41) is hereby **GRANTED**, and the Clerk is respectfully **DIRECTED** to remove Mr. Mayer as counsel of record for Plaintiff.

2. Mr. Mayer is **DIRECTED** to serve a copy of this Order upon Plaintiff and the Receiver within five (5) days of the entry of this Order, and to file a notice of such service promptly thereafter.

3. The deadline for Plaintiff to respond to the Motion to Dismiss by Defendant Wazan is **EXTENDED** to and including April 5, 2019. Plaintiff is **ADVISED** that should she wish to retain new counsel to represent her in this case she should do so immediately in order to allow her new attorney time to prepare a response to the pending Motion to Dismiss in advance of this deadline. Mr. Mayer is **DIRECTED** to assist Plaintiff and her new counsel, if any, with the prompt and orderly transfer of the representation as may be required by the North Carolina Rules of Professional Conduct.

Signed: February 5, 2019

W. Carleton Metcalf
United States Magistrate Judge

---

[1] The Court does not find it necessary at this time to take action pursuant to Local Civil Rule 83.2 but urges Mr. Mayer to continue seeking appropriate professional and personal support.