UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-350-MOC-WCM

| | |
|---|---|
| MARY MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| NAKISHA GARRETT, et al., ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Wally Wazan's Motion to Certify Order under 28 U.S.C. 1292(b) re Order on Motion to Dismiss/Failure to State a Claim for Interlocutory Appeal. (Doc. No. 77). Wazan has asked this Court to certify for an interlocutory appeal its Order of June 2, 2020, (Doc. No. 75), denying Wazan's motion to dismiss based on the statute of limitations. For the following reasons, the motion is denied.

I.  BACKGROUND

Plaintiff Mary Martin sued the North Carolina Department of Public Safety and several of its employees in December 2017, alleging that she was the victim of repeated sexual and physical assaults by her former supervisor Wazan. (Doc. No. 1). Also in December 2017, the North Carolina Department of Commerce, "on behalf of itself and its employee Wally Wazan," entered into a tolling agreement with Martin. The Tolling Agreement states that the "Parties," defined to include Wazan, agree to toll any statutes of limitations until either party provides written notice of the termination of the Tolling Agreement.

In October 2018, Martin filed an Amended Complaint, naming Wazan as a defendant and asserted claims against him specifically. (Doc. No. 31). Wazan subsequently moved to dismiss the Amended Complaint, arguing that the statute of limitations barred Martin's claims against him. (Doc. Nos. 39, 40, 51, 58). The Court entered an Order on June 2, 2020, denying Wazan's motion to dismiss. Wazan now asks the Court to certify this matter for an interlocutory appeal related to that Order. Plaintiff opposes the motion.

## II. DISCUSSION

Certification of a matter for interlocutory appeal under 28 U.S.C. § 1292(b) is an "extraordinary remedy" that should be used sparingly. Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989). Interlocutory appeals are an exception to the deep-rooted rule limiting appeals to final judgments and, therefore, are appropriate only in rare circumstances. See id. Put differently, the certification of an interlocutory appeal requires exceptional circumstances that justify a departure from the basic policy limiting appellate review to final judgments. Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also Manion v. Spectrum Healthcare Res., 966 F. Supp. 2d 561, 567 (E.D.N.C. 2013) (noting that interlocutory appeals pursuant to § 1292(b) are a "rare exception to the final judgment rule that general prohibits piecemeal appeals") (internal quotations omitted). The rationale for granting interlocutory appeals only in exceptional circumstances was articulated by the Supreme Court in Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370 (1987):

> [T]he finality rule of § 1291 protects a variety of interests that contribute to the efficiency of the legal system. Pretrial appeals may cause disruption, delay, and expense for the litigants; they also burden appellate courts by requiring immediate consideration of issues that may become moot or irrelevant by the end of trial. In

addition, the finality doctrine protects the strong interest in allowing trial judges to supervise pretrial and trial procedures without undue interference.

Id. at 380.

To meet the high standard to pursue an interlocutory appeal, Wazan has the burden of meeting all three elements set out in the statute. He must prove that the certified issue: (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Wazan cannot meet any of these required elements.

Wazan argues that three different holdings from the Court's June 2 Order should be certified for interlocutory appeal: (1) whether the Amended Complaint relates back under Fed. R. Civ. P. 15; (2) whether, under North Carolina agency law, Mr. Sherrill, the chief of staff for the North Carolina Department of Commerce, had authority—actual, apparent, or otherwise—to bind Wazan to a tolling agreement in his personal capacity; and (3) whether equitable tolling is available and applicable based on the determinations regarding the previous questions. (Doc. No. 77, p. 2). In the Order, the Court held that Martin's Amended Complaint relates back to her Original Complaint. (Doc. No. 75, p. 11). Additionally, the Court held that "even if the Amended Complaint did not relate back to the Original Complaint, Wazan is bound by the Tolling Agreement." Id. Thus, both of the Court's rationales, standing alone, support the Court's denial of Wazan's Motion to Dismiss. Therefore, for Wazan to succeed on this Motion, Wazan would need to show that both holdings meet all three requirements set forth in 28 U.S.C. § 1292(b). Wazan cannot do this.

First, whether the Tolling Agreement bound Wazan is not a controlling issue of law. The Fourth Circuit has made clear that "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc., 1989 WL 42583, at *5 (4th Cir. 1989) (unpublished). "An appeal that would require the court to delve into the facts of the case is not well-suited for interlocutory review." Weaver Cooke Constr., LLC v. Stock Bldg. Supply, LLC, No. 5:14-CV-475-BR, 2014 WL 5307501, at *2 (E.D.N.C. Oct. 16, 2014) (citing Long v. CPI Sec. Sys., Inc., No. 3:12–cv–396, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (stating that a controlling question of law is one which an appeals court can "decide cleanly and quickly")). Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review. Fannin, 1989 WL 42583, at *5 (expressing reluctance to evaluate legal questions "heavily freighted with the necessity for factual assessment" on interlocutory appeal).

A determination of whether Wazan was bound by the Tolling Agreement turns on the application of the unique facts of this case to North Carolina agency law principles. Analyzing this issue would require the Court of Appeals to "delve into the facts of the case." Id. Given the procedural posture of this case and the fact that discovery has yet to start, the Court of Appeals could not possibly decide this fact-intensive question "cleanly and quickly." Long, 2013 WL 3761078, at *2. Therefore, whether Wazan is bound under the Tolling Agreement is not a controlling issue of law pursuant to Fourth Circuit precedent.

Whether the Amended Complaint relates back to the Original Complaint is also not a controlling issue of law. The Fourth Circuit made clear in Fannin that a controlling issue of law

is one that is dispositive of the issue "whichever way it goes." Fannin, 1989 WL 42583, at *5. That is not the case here. If the Court of Appeals affirms this Court on the relation back issue, the affirmance would not resolve the litigation. Instead, the case would return to this Court and continue after several months of delay.

Wazan also fails to show the existence of substantial grounds for difference of opinion on any issue he asks this Court to certify. "An issue presents a substantial ground for difference of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Randolph v. ADT Sec. Servs., Inc., No. CIV.A. DKC 09-1790, 2012 WL 273722, at *6 (D. Md. Jan. 30, 2012) (citing McDaniel v. Mehfoud, 708 F. Supp. 754, 756 (E.D. Va. 1989), appeal dismissed, 927 F.2d 596 (4th Cir. 1991) (unpublished opinion)). "In other words, for interlocutory appeals, it matters not whether the lower court simply got the law wrong, but whether courts themselves disagree as to what the law is." In re Nichols, No. TDC-14-0625, 2014 WL 4094340, at *3 (D. Md. Aug. 15, 2014) (internal quotations omitted). Here, Wazan fails to show a difference of opinion between courts for either issue.

First, Wazan fails to show a difference of opinion as to the relation back issue. Rather, Wazan simply re-argues the merits of whether the Amended Complaint related back to the Original Complaint under Rule 15. Moreover, even if the Court found that Wazan put forth substantial grounds for difference of opinion on the relation back issue, Wazan did nothing to meet that standard as it relates to the agency issue. Wazan cites only two cases in the agency section of his brief, both of which simply state black letter agency principles. (Doc. No. 77, p. 4 5). Neither case is at odds with this Court's June 2 Order. Thus, Wazan has failed to show grounds for a substantial difference of opinion between courts as is required in the Fourth Circuit.

Finally, Wazan fails to show that interlocutory appeal would materially advance this litigation to its ultimate termination. "Generally, this requirement is met when resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." Clark Constr. Grp., Inc. v. Allglass Sys., Inc., No. CIV.A. DKC 2002-1590, 2005 WL 736606, at *4 (D. Md. Mar. 30, 2005) (citing 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3930, at 432 (2nd ed. 1996)). "The mere fact that [certification] may save pre-trial and trial effort and expense," however, "is not determinative . . . ." Fannin, 1989 WL 42583, at *5 (citation omitted). Indeed, such speculative savings "can be said of any interlocutory appeal." Id.

Here, Wazan seeks immediate appeal over the entirety of this Court's June 2 Order, but he has not pointed to one "narrow question of pure law." Fannin, 1989 WL 42583, at *5. Rather, Wazan seeks to certify three issues that all require significant legal and factual analysis. While Wazan states in his motion that he would not seek a stay while this matter is on appeal, the interposition of an appeal will substantially complicate this matter, regardless of whether a stay is entered. The parties would be required to brief three separate legal issues to the Fourth Circuit. The parties would potentially have to appear before the Fourth Circuit for oral argument. Meanwhile, the parties would also have to conduct discovery, much of which will be focused on Wazan and what he did, without a clear understanding of which claims and parties will remain intact after the appeal is resolved. Allowing an interlocutory appeal would substantially hinder the movement of this litigation toward final resolution. Therefore, Wazan has also failed to meet the third statutory requirement.

In sum, because Wazan fails to satisfy any of the three statutory requirements for certification under 28 U.S.C. § 1292(b), the Court will deny Wazan's Motion for Certification.

## III. CONCLUSION

For the reasons stated herein, Defendant Wally Wazan's Motion to Certify Order under 28 U.S.C. 1292(b) re: Order on Motion to Dismiss/Failure to State a Claim for Interlocutory Appeal, (Doc. No. 77), is **DENIED**.

Signed: August 12, 2020

Max O. Cogburn Jr
United States District Judge