# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:17 CV 350 MOC WCM

| | | |
|---|---|---|
| MARY MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NAKISHA GARRETT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on a Joint Motion to Seal Certain Documents by Defendants Wazan and Garrett/Harris (the "Motion to Seal," Doc. 116), which requests that the following be sealed:

1. Wazan's declaration (Doc. 115-1);

2. Two exhibits attached to that declaration (Doc. 115-1);

3. Two declarations from North Carolina Department of Public Safety inmates (Docs. 115-2 & 115-3);

4. Gate logs from the North Carolina Correctional Institute for Women (Doc. 115-4); and

5. A small portion Wazan's brief in support of his motion for summary judgment ("Brief") (Doc. 114).

Plaintiff does not object to the relief requested. Defendant Thompkins, who is appearing *pro se*, has not been contacted.

1

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

The undersigned has considered the Motion to Seal, the public's interest in access to the subject documents, and alternatives to sealing.

Here, the public has been provided with adequate notice of the Motion to Seal; the Motion has been pending since June 18, 2021 and describes the documents to be sealed and the arguments in support of the Motion. Likewise, a redacted version of the Brief has been filed (Doc. 112).

Wazan's declaration, the two exhibits attached to it, and the related section of his Brief pertain to certain sensitive, personal medical information

and the undersigned finds that sealing is appropriate. See Aiken v. Lee, No. 1:17-cv-97-FDW, 2019 WL 6833882, at *7 (W.D.N.C. Dec. 13, 2019) (sealing medical records filed in support of motion for summary judgment).

The undersigned also finds that sealing of the declarations of the North Carolina Department of Public Safety inmates is proper in order to protect the inmates from potential retaliation.

Finally, the undersigned finds that the gate records should also be filed under seal.

For these reasons, and as otherwise described in the Motion to Seal, the request will be allowed, and the subject documents will remain under seal. However, noting that these items have been submitted in support of a dispositive motion, this Order is without prejudice to any future request that these materials be unsealed, if necessary.

**IT IS THEREFORE ORDERED** that the Joint Motion to Seal Certain Documents by Defendants Wazan and Garrett/Harris (Doc. 116) is **GRANTED**, and the following documents shall remain sealed until further Order of the Court:

1. Wazan's declaration (Doc. 115-1);

2. Two exhibits attached to that declaration (Doc. 115-1);

3. Two declarations from North Carolina Department of Public Safety inmates (Docs. 115-2 & 115-3);

4. Gate logs from the North Carolina Correctional Institute for Women (Doc. 115-4); and

5. The unredacted Brief in support of Wazan's Motion for Summary Judgment (Doc. 114).

Signed: July 19, 2021

W. Carleton Metcalf
United States Magistrate Judge